IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. RODRIGUEZ, Jr.,

    Plaintiff,                         No. CIV S-03-2562 MCE PAN P

    vs.

CAL A. TERHUNE,

    Defendants..                 <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983.

        This action proceeds on the December 3, 2004, amended complaint in which plaintiff alleges (1) upon plaintiff's transfer to Deuel Vocational Institution (DVI), defendants Ledbetter and Leander lost one of plaintiff's law books; (2) Bellitari and Wilson confiscated plaintiff's legal materials; and (2) defendants Cano and Castillo mishandled plaintiff's grievances and opened his legal mail.  Defendants Leander, Cano and Castillo move to dismiss.[1]

        Defendants Cano and Castillo contend plaintiff failed to exhaust available administrative remedies.

///

---

[1] Neither Wilson nor Bellitari have been served with process.  Defendant Ledbetter was served after Leander, Cano and Castillo filed this motion but he has not moved to join in this motion.

1

On a motion to dismiss for failure to exhaust available administrative remedies, the court may look beyond the pleadings and decide disputed facts. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2002). 42 U.S.C. § 1997e(a) provides that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). Where a litigant requests leave to proceed in forma pauperis, suit commences when the request is granted. See 28 U.S.C. § 1915(a)(1) (court may "authorize commencement" of suit without prepayment of filing fee for person demonstrating inability to pay).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Admin. Code § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. 15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). Prisoners ordinarily must present their allegations on one informal and three formal three formal levels of review. 15 Cal. Admin. Code § 3084.5. While presentation on the third level, the Director's Level of Review, exhausts the remedy for departmental purposes, 15 Cal. Admin. Code § 3084.1(a), when prisoners cannot present their allegations on any subsequent level, they have exhausted available remedies for purposes of 42 U.S.C. § 1997e(a). Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005). Defendants have the burden of identifying the remedies that remain available. Ibid. A California prisoner who correctly completes an appeal form provided by prison officials provides information adequate to exhaust the administrative remedy. See Butler v. Adams, 397 F.3d 1181 (9th Cir. 2005) (error to dismiss complaint for failure to identify defendants in administrative form because the form provided by

2

the prison did not require such identification).

Defendants Cano and Castillo assert plaintiff failed to identify them in the appeal about the mishandling of his mail.

October 30, 2003, plaintiff filed an appeal asserting that June 25, 2003, a correctional officer delivered the mail while plaintiff slept, plaintiff's cell-mate placed it on a table and when plaintiff awoke the mail was open. Plaintiff explained he submitted an appeal June 27, 2003, but it was not processed and so he wrote to the warden October 2, 2003. December 11, 2003, defendant Castillo rejected the appeal as untimely.

Plaintiff filed an appeal describing the problem and defendants have not identified any remedy that remains available to plaintiff.

Plaintiff exhausted claims against Cano and Castillo.

Defendants Cano and Castillo contend plaintiff fails to state a claim upon which relief can be granted.

On a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Plaintiff claims Cano, who supervises mail room staff at California State Prison at Corcoran (CSP-Corcoran), and Castillo, who processes prisoner grievances, withheld and destroyed his mail in violation of the First and Fourteenth Amendments.

The First Amendment protects prisoners' rights to receive and to send mail.

1  Crofton v. Roe, 170 F.3d 957 (9th Cir. 1999).  Any limitation must reasonably relate to a
2  legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Thornburgh
3  v. Abbott, 490 U.S. 401, 407-08 (1989).  An inmate "has a Fourteenth Amendment due process
4  liberty interest in receiving notice that his incoming mail is being withheld by prison authorities."
5  Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999);  Procunier v. Martinez, 416 U.S. 396
6  (1974) (prison officials must provide minimum procedural safeguards to protect inmates interest
7  in receiving mail by notifying inmates of the decision not to deliver letters).
8       Plaintiff's allegation defendants Cano and Castillo purposely withheld and
9  destroyed his mail states a claim.
10      Plaintiff alleges Cano and Castillo delayed the processing of plaintiff's grievances
11 in violation of the Due Process Clause of the Fourteenth Amendment.
12      "The requirements of procedural due process apply only to the deprivation of
13 interests encompassed by the Fourteenth Amendment's protection of liberty and property."
14 Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972).  Since a prisoner has no
15 liberty interest in a grievance procedure, Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), *cert.*
16 *denied*, 488 U.S. 898 (1988), the delay did not violate due process.
17      Plaintiff fails to state a claim upon which relief could be granted.
18      Plaintiff alleges Cano and Castillo withheld mail containing grievances and letters
19 requesting affidavits from witnesses, and they opened it outside plaintiff's presence in violation
20 of plaintiff's right of access to the courts.
21      To state a claim, plaintiff must allege that on a specific day an identified state
22 actor refused to assist plaintiff prepare and file a habeas corpus petition or section 1983
23 complaint either by allowing meaningful access to an adequate law library or assistance from
24 persons trained in the law and that the deprivation caused a specific, actual injury to the
25 prisoner's habeas or section 1983 litigation efforts.  Lewis v. Casey, 518 U.S. 343 (1996).
26      Plaintiff alleges the denial of his grievances is the kind of injury contemplated by

Lewis because of the exhaustion requirement of 42 U.S.C. § 1997e(a).  But I have found plaintiff exhausted available administrative remedies and so he has gained the access required by Lewis.

Plaintiff fails to state a claim upon which relief could be granted.

Having reviewed plaintiff's complaint, the court must discharge its duty pursuant to 42 U.S.C. § 1997e(c)(1), which states:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff alleges that defendants Leander and Ledbetter failed to maintain accurate records of property seized from plaintiff, and that Wilson and Bellitari confiscated plaintiff's legal materials. Plaintiff asserts these allegations suffice for a cause of action based upon the Due Process Clause of the Fourteenth Amendment.

An unauthorized intentional or negligent deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  The California Tort Claims Act, Cal. Gov't Code § 810 *et seq*., provides such a remedy.  Barnett, 31 F.3d at 816-17.

Plaintiff also asserts these allegations state a claim these defendants violated his right of access to the courts.  But plaintiff fails to allege injury.  See Lewis, 518 U.S. at 351, 354, 356.

Plaintiff fails to state a claim upon which relief can be granted against Leander, Ledbetter, Bellitari and Wilson.

///

///

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1. Leander, Ledbetter, Wilson and Bellitari be dismissed from this action for
3    plaintiff's failure to state a claim upon which relief could be granted, see 42 U.S.C.
4    § 1997e(c)(1);

5    2. The April 25, 2005, motion to dismiss for plaintiff's failure to exhaust available
6    administrative remedies be denied;

7    3. Cano and Castillo's motion to dismiss for plaintiff's failure to state a claim be
8    granted in part and plaintiff's claims they violated his right to a grievance procedure and his right
9    of access to the courts be dismissed;

10   4. Cano and Castillo be directed to file and serve an answer within 30 days from
11   the date this order is signed.

12   These findings and recommendations are submitted to the United States District
13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
14   after being served with these findings and recommendations, written objections may be filed.
15   The document should be captioned "Objections to Magistrate Judge's Findings and
16   Recommendations." Failure to file objections within the specified time may waive the right to
17   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18   DATED: March 7, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\rodr2562.mtd 2