IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. RODRIGUEZ, JR.,

       Plaintiff,                    No. CIV S-03-2562 MCE EFB P

      vs.

CAL A. TERHUNE, et al.,

       Defendants.              <u>ORDER</u>

_____/

       Plaintiff is a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On January 5, 2007, defendants filed a motion seeking an extension of time to file a motion for summary judgment. On February 5, 2007, defendants filed a motion for summary judgment. In the July 28, 2006, schedule, this court established January 5, 2007, as the deadline for filing dispositive motions. Therefore, the court construes defendants' request as one to modify the schedule.

       Although the application does not address it, the request must be considered under Federal Rule of Civil Procedure Rule 16(b), which provides that a schedule may be modified upon a showing of good cause. Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Counsel asserts that he was busy working on other cases in the weeks before the motion was to be filed in this case. While scheduling conflicts might constitute good cause, the request here does not allege what, if anything, was done to attempt to comply with the schedule in this case. More problematic is that the request for additional time was filed on the date that the motion for summary judgment should have been filed. This court has no rule that automatically suspends the time to act once a party files a request for additional time. Merely submitting a request does not, itself, modify the due date. Therefore, by filing a request to modify the schedule the day before a dispositive motion is due, a party effectively disobeys the scheduling order. This order serves as an admonition that counsel must timely seek extensions or modifications and until such time as an order is entered granting any such modification, the parties must comply with existing schedule. *See* L.R. 11-110.

In the interest of managing its docket and possibly eliminating or narrowing issues for trial, the court accepts the February 5, 2007, motion as timely.

So ordered.

Dated: March 8, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE